IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EAGLE CONSTRUCTION AND ENVIRONMENTAL SERVICES, LLC, f/k/a SWS ENVIRONMENTAL, LLC, | § § § § § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-10-2800 |
| EAGLE SUPPLY & MANUFACTURING, L.P., f/k/a EAGLE CONSTRUCTION AND ENVIRONMENTAL SERVICES, L.P., EAGLE SPECIALIZED SERVICES, INC., f/k/a EAGLE CONSTRUCTION AND ENVIRONMENTAL SERVICES-1, INC., JOE L. WALVAREN, MARC W. WALVAREN, and EAGLE REMEDIATION SERVICES, INC., | § § § § § § § § § § § § | |
| Defendants. | § | |

MEMORANDUM AND ORDER

Pending is Plaintiff's Motion to Dismiss Defendants' Claim for Rescission (Document No. 27). After having carefully reviewed the motion, response, reply, and applicable law, the Court concludes that the motion should be conditionally granted.

I.  Background

This dispute arises out of a complex asset purchase agreement between Plaintiff/Counter-Defendant Eagle Construction and Environmental Services, LLC, f/k/a SWS Environmental, LLC ("Eagle Construction") and Defendants/Counter-Plaintiffs Eagle Supply &

Manufacturing, L.P., f/k/a Eagle Construction and Environmental Services, L.P., Eagle Specialized Services, Inc., f/k/a Eagle Construction and Environmental Services-1, Inc., Joe L. Walvaren, Marc W. Walvaren, and Eagle Remediation Services, Inc. (collectively, "Supply Defendants"). Eagle Construction acquired certain assets from Supply Defendants pursuant to an Asset and Personal Goodwill Purchase Agreement ("Purchase Agreement").[1] After discovering "waste that defendants improperly and illegally stored at the LaPorte Service Center," Eagle Construction filed suit alleging intentional fraud, breach of contract, indemnification, exemplary damages, and trademark infringement against Supply Defendants and breach of fiduciary duty against Defendant Marc Walvaren.[2]

Supply Defendants filed a First Amended Counterclaim alleging that Eagle Construction has "committed no less than a total of 141 separate breaches" to various written agreements between the parties and seeking money damages and, in addition or in the alternative, rescission of the purchase agreement.[3] Eagle Construction does not seek dismissal of the damages claim, but

---

[1] Document No. 24 at 3.

[2] Id. at 9-16.

[3] Document No. 25 at 2-5.

2

moves under Federal Rule of Civil Procedure 12(b)(6) to dismiss Supply Defendants' rescission claim as a matter of law.[4]

## II. Legal Standard

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). When a district court reviews the sufficiency of a complaint before it receives any evidence either by affidavit or admission, its task is inevitably a limited one. See Scheuer v. Rhodes, 94 S. Ct. 1683, 1686 (1974). The issue is not whether the plaintiff ultimately will prevail, but whether the plaintiff is entitled to offer evidence to support the claims. Id.

In considering a motion to dismiss under Rule 12(b)(6), the district court must construe the allegations in the complaint favorably to the pleader and must accept as true all well-pleaded facts in the complaint. See Lowrey v. Tex. A&M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997). To survive dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949

---

[4] Document No. 27 at 1.

(2009). While a complaint "does not need detailed factual allegations . . . [the] allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 127 S. Ct. at 1964-65 (citations and internal footnote omitted).

### III. Discussion

Texas courts have held that rescission is appropriate only in instances of fraud, mistake, unjust enrichment, or where money damages would be insufficient. *See* Issacs v. Bishop, 249 S.W.3d 100, 109 (Tex. App.--Texarkana 2008, pet. denied); *see also* David McDavid Pontiac, Inc. v. Nix, 681 S.W.2d 831, 835 (Tex. App.--Dallas 1984, writ ref'd n.r.e.) (stating that rescission and monetary damages are "mutually exclusive, since one is based on recovery of the benefits under the contract and the other on avoidance of the contract"); City of Corpus Christi v. S.S. Smith & Sons Masonry, Inc., 736 S.W.2d 247, 251 (Tex. App.--Corpus Christi 1987, writ denied) ("It is generally accepted that the equitable relief of rescission will not be granted in the absence of fraud.") (citing Crabtree v. Burkett, 433 S.W.2d 9, 12 (Tex. Civ. App.--Beaumont 1968, no writ)). The party seeking rescission has the burden of proving that monetary damages are an inadequate

4

remedy. Ferguson v. DRG/Colony N., Ltd., 764 S.W.2d 874, 886 (Tex. App.--Austin 1989, writ denied).

Eagle Construction contends that because Supply Defendants do not allege facts beyond routine breaches of contract, their rescission claim should be dismissed as a matter of law.[5] Supply Defendants do not allege fraud or mistake but nonetheless argue that rescission is "available under Texas law when damages are an inadequate remedy."[6] See Issacs, 249 S.W.3d at 109 (rescission is a "substitute for monetary damages when such damages would not be adequate"). However, "remedy by rescission is not favored," and rescission will be denied when full relief at law can be provided. Harding v. Garcia, 17 S.W.2d 859, 860 (Tex. Civ. App.--San Antonio 1929, no writ); see also Bank One, Tex., N.A. v. Steward, 967 S.W.2d 419, 455 (Tex. App.--Houston [14th Dist.] 1998, pet. denied) (finding that because the plaintiff "elected to recover at law for damages instead of rescission . . . he is barred from seeking cancellation of the sale").

Supply Defendants generally allege that Eagle Construction's failure to honor its duties under the contract "[puts] into question whether monetary damages are enough to ensure justice."[7] However, Supply Defendants claim specific money damages in their

---

[5] Document No. 27 at 1-2.

[6] Document No. 30 at 2.

[7] Document No. 30 at 3.

counterclaim and give no explanation as to why the monetary relief they seek is an insufficient remedy to accomplish full justice.[8] Because Supply Defendants' pleadings indicate that their claims can be satisfied through monetary damages, and they have not plead any facts to indicate that relief at law is inadequate, their claim for rescission will be dismissed.

IV. Order

For the foregoing reasons, it is

ORDERED that Eagle Construction and Environmental Services, LLC's Motion to Dismiss Eagle Supply Defendants' Claim for Rescission (Document No. 27) is GRANTED, and the claim for rescission is DISMISSED.

The Clerk will enter this Order, providing a correct copy to all parties of record.

SIGNED at Houston, Texas, on this 17th day of October, 2011.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

---

[8] Document No. 25 at 3-4 (claiming damages of $1.6 million).